Although I concur with the disposition of appellant's first, second, third, fifth, and sixth assignments of error, I respectfully dissent from the judgement and opinion of the majority with respect to appellant's fourth assignment of error for the following reasons.
In reversing appellant's conviction for abduction, the majority concludes that the trial court should have instructed the jury on unlawful restraint as a lesser included offense of abduction. Specifically, the majority determines that, based on the evidence presented during appellant's trial, the jury could have reasonably found that the victim was never put in fear by appellant's conduct. I disagree.
The record contains an abundance of evidence showing that appellant used force on the victim, which, in turn, placed her in fear. Forsythe testified that when appellant pushed her up against her car, she was scared because she did not know what appellant was going to do to her. In addition, Laurie Ann Amato ("Amato"), an employee at the BP service station, testified that Forsythe appeared very upset and was crying when she arrived there shortly after the incident. Officer Baker confirmed Amato's observations when he told the jury that he saw Forsythe crying and visibly shaking when he responded to the service station. The fact that Forsythe took efforts to obtain appellant's license plate number does not eliminate the claim that, while she was fearful, Forsythe chose not to be a helpless victim when she followed appellant through the parking lot. This conduct should be applauded, rather than looked upon skeptically.
Even if appellant used the car door and not his body to "restrain" the victim, there is no evidence, except appellant's opinion, that she was not afraid or had no rational reason to be afraid.
In any event, the presented testimony was certainly enough to show that appellant not only used force in committing the act, but that his conduct put the victim in fear for purposes of R.C. 2905.02(A)(2). Appellant did not provide anything to challenge the testimony relating to Forsythe's state of mind at the time of the incident. Thus, there is no reason to believe that, based on the overwhelming and substantially uncontroverted evidence, the jury could have reasonably acquitted appellant of abduction, while at the same time convicting him of the lesser included offense of unlawful restraint. Accordingly, I would hold that the trial court did not abuse its discretion by refusing to instruct the jury on unlawful restraint.